# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TINA MASSEY,

    *Plaintiff*,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

Case No. 09-CV-14866

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT COMMISSIONER'S MOTION TO DISMISS
(Doc. 10)

This matter is before the undersigned magistrate judge pursuant to an order of reference filed December 15, 2009. (Doc. 4.) On May 3, 2010, Defendant filed the instant motion to dismiss contending that Plaintiff's filing of her complaint seeking judicial review of the Commissioner's decision was untimely. Plaintiff, who is proceeding *pro se*, filed a response opposing the motion. (Doc. 12.) The motion is therefore ready for Report and Recommendation.

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial

of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E. D. Pa.1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

In this case, Plaintiff's states as follows:

My name is Tina Massey. The reason why I think that my action may have been late. [sic] I may have gotten the time mix up and taught [sic] I had the time right. I know that I wrote one letter and I gotten [sic] it back because I sent it to the wrong place, I may have been in the hospital or sick I do not remember or maybe they just did not get it to the mail on time. I try to be on time if I can remember.

(Doc. 12 at 1.)

Here, the Appeals Council denied Plaintiff's request for review on July 31, 2009. (Doc. 10, Ex. 1 at 3.) Plaintiff's complaint should have been filed within 65 days, i.e., on or before October 5, 2009. Therefore, Plaintiff's complaint filed on December 15, 2009, is untimely, and must be dismissed.

Although not argued by Plaintiff, I note that equitable tolling may be applied to extend the limitation period under appropriate circumstances. Courts consider the following factors in determining whether equitable tolling of a statute of limitations should apply:

> (1) the [plaintiff's] lack of [actual] notice of the filing requirement; (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook,* 480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). In this case, Plaintiff's response evidences that she cannot claim lack of notice or knowledge of the filing requirement. The Appeals Council notice clearly sets forth the requirements, including the deadline, and further informs parties of the ability to ask for an extension of the deadline. Therefore, the first and second factors weigh against Plaintiff. Plaintiff did not request any extensions. (Doc. 10, Ex. 1 at 3.) Instead, it appears that Plaintiff simply miscalculated the deadline or otherwise failed to assure that her pleading was filed on time, neither of which provide a ground justifying the application of equitable tolling. Although Defendant may not suffer much prejudice, the strength of the other factors would lead me to recommend that, if it had been raised, equitable tolling should not apply in these circumstances.

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion be **GRANTED** and that the case be **DISMISSED.**

                                          s/ Charles E Binder
                                          CHARLES E. BINDER
Dated: July 6, 2010                      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Tina Massey, 19462 Stahelin Avenue, Detroit, MI 48219.

Date: July 6, 2010          By    s/Patricia T. Morris
                                  Law Clerk to Magistrate Judge Binder